# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| PATRICIA HOUSER; ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| CITY OF ALEXANDRIA, ) | JURY DEMAND |
| TENNESSEE and ) | |
| BETH TRIPP, *in her official* ) | |
| *and individual capacity,* ) | |
| ) | |
|     Defendants ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Patricia Houser (Houser), by and through counsel, brings this action against the Defendants, City of Alexandria, Tennessee ("City") and Mayor Beth Tripp ("Mayor Tripp"), in her individual and official capacities, for deprivation of due process under the 14th Amendment, and for slander, defamation, and defamation by implication, in violation of Tennessee law.

## PARTIES

2. Houser is a former Town Recorder, Court Clerk, Tax Collector, and Back-up Water Clerk with the City of Alexandria and a resident and citizen of DeKalb County, Tennessee.

3. Defendant City of Alexandria, Tennessee is a municipality located in DeKalb County, Tennessee.

4. Upon information and belief, Defendant Mayor Tripp is the Mayor of Alexandria, Tennessee and is a resident and citizen of DeKalb County, Tennessee.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 42 U.S.C. § 1983.

6. Defendants, acting under color of State Law, intentionally and with reckless disregard, violated Houser's rights as protected by the Fourteenth Amendments of the United States Constitution.

7. The City is a "person" within the meaning of 42 U.S.C. §1983.

8. Mayor Tripp is a "person" within the meaning of 42 U.S.C. § 1983.

9. Houser's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution and over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Middle District of Tennessee; thus, venue is proper in this Court.

## FACTUAL ALLEGATIONS

11. On or about October 15, 2023, Houser was hired by Defendant as Town Recorder and Court Clerk. One of Houser's main job duties was to ensure that all laws, ordinances, statutes, charters, etc. were properly followed.

12. Throughout her employment, Houser also fulfilled the jobs of Tax Collector and Back-up Water Clerk for Defendant.

13. At all relevant times, Houser met or exceeded Defendant's legitimate performance expectations. Houser's employment file with Defendant has no record of disciplinary actions or performance improvement plans.

14. On or about August 2, 2024, Houser informed Defendant Mayor Tripp that her last day would be August 23, 2024. A few days later, Mayor Tripp spoke with Houser and begged her not to resign; Houser agreed to continue working for Defendant.

15. Shortly thereafter, Mayor Tripp inappropriately removed an Alderman off the Town Council. This Alderman was appointed through August 2026. As a result, Houser, in her role as Court Clerk, appropriately reported the matter to Police Chief Travis Bryant. Chief Bryant asked Houser to ensure that Mayor Tripp was following the proper legal rules and regulations for her actions. Acting diligently, Houser then contacted the Municipal Technical Advisor Service for clarification as to the proper procedure.

16. Around this time, Mayor Tripp asked Houser for the keys to the Mayor's office. Houser did not immediately hand over the keys as the keys in question gave Mayor Tripp access to more than just the Mayor's office, such as access to law enforcement items. Houser instead gave the keys to Officer Deffendoll, as recorded by the City's cameras.

17. On or about August 14, 2024, Houser was verbally suspended by Mayor Tripp without written notice or any other disciplinary action taken.

18. On or about August 19, 2024, Mayor Tripp held a public disciplinary meeting -- without providing notice to Houser -- about Houser's employment, where Mayor Tripp falsely reported to other city officials and employees that Houser had provided false information, was dishonest, and was insubordinate. Houser was not given a private meeting, nor was Houser given the opportunity to defend herself or otherwise be heard.

19. Though Houser did not receive any communication whatsoever that she was officially terminated, upon information and belief, it appears that House was terminated on August 19, 2024. Around this time, the entire City's police force resigned as well.

20. On or about September 1, 2024, Mayor Tripp conducted an interview on a national news network – News Nation – falsely accusing Houser of, among other things, impeding an investigation. At the time, there was no active investigation.

21. Mayor Tripp made false, malicious, and defamatory statements or statements that are defamatory by implication. Mayor Tripp's comments, directly or as implied, have accused Houser of criminal conduct and/or malfeasance in the performance of her job duties.

22. In addition to costing Houser her job, Mayor Tripp's defamatory comments, both locally and nationally, have decimated her reputation throughout the community.

23. Houser has been damaged as a result of Defendant's actions.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF FOURTEENTH AMENDMENT

24. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs one (1) through twenty-three (23) hereof.

25. The Defendants acted under color of state law in carrying out their unlawful actions. Plaintiff, as Town Recorder / City Recorder and County Clerk, has a constitutionally protected property interest in her employment created by virtue of TN Code § 6-4-201 et seq., as well as by the Alexandria Municipal Code 4-310, requiring both notice in writing of all charges, together with an opportunity to respond to the charges.

26. Further, Plaintiff has a constitutionally protected liberty interest in her employment.

26. Plaintiff did not violate any laws or policies under any of her job titles and duties.

27. Defendants deprived Plaintiff of her right to due process by suspending her without written notice, holding a public disciplinary meeting without her present, not allowing her to exercise her right to a pre-adverse action hearing, and terminating her employment.

28. By presiding over the Board meeting regarding Plaintiff's suspension and termination, Defendants denied Plaintiff her right to a meaningful forum for which her suspension or other disciplinary action could be presented and deliberated impartially and terminated Plaintiff's employment. Further, Mayor Tripp made public stigmatizing statements about Plaintiff that were false.

## COUNT II: DEFAMATION AND DEFAMATION BY IMPLICATION

33. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs one (1) through thirty-two (32) hereof.

34. Defendant Mayor Tripp has committed the tort of defamation, in order to undermine Plaintiff's credibility and to destroy her reputation among the public and her peers by publishing statements which were false or defaming to Plaintiff and/or publishing statements with reckless disregard for the truth of the statement and/or negligence in failing to ascertain the truth of the statement.

35. Defendant Mayor Tripp knew or should have known that these statements were false at the time they were made.

36. Plaintiff is not a public figure.

**WHEREFORE**, Plaintiff, Patricia Houser, respectfully requests that this court enter judgment in her favor against the Defendants, jointly and severally, and award her the following relief:

1. Compensatory damages in an amount to be proven at trial;

2. Reinstatement to her position with concomitant pay, seniority, and benefits;

3. Payment of lost wages and benefits;

4. Punitive damages against the Defendants in their individual capacity in an amount sufficient to punish Defendant and deter like conduct in the future;

5. An award of Plaintiff's attorney fees, expenses, and costs, pursuant to 42 U.S.C. § 1988;

6. Permanent injunction enjoining Defendants from any acts which further deprive Plaintiff of her constitutional rights;

7. Such further, other, and general relief to which Plaintiff may be entitled.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Rachel Ringer*
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. 028872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783-2171
Email Address: rringer@bdlegal.com
            kfb@bdlegal.com
*Counsel for Plaintiff, Patricia Houser*

**DEMAND FOR JURY TRIAL**

Plaintiff, Patricia Houser, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Rachel Ringer*
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. 028872
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783-2171
Email Address: rringer@bdlegal.com
               kfb@bdlegal.com
*Counsel for Plaintiff, Patricia Houser*