UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

PATRICIA HOUSER,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        No. 2:25-cv-00006
                                          )
CITY OF ALEXANDRIA, TENNESSEE,            )
and BETH TRIPP, in her official and       )
individual capacity,                      )
                                          )
        Defendants.                       )

## MEMORANDUM OPINION

Patricia Houser alleges that she was wrongfully suspended, terminated, and defamed by her employer, the City of Alexandria, Tennessee ("City"), and its mayor, Beth Tripp ("Defendants"). She brings claims under 42 U.S.C. § 1983 and state defamation law. Before the Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 18), which is ripe for review. (See Doc. Nos. 19, 25, 26). For the following reasons, the Court will grant the motion.

## I.    FACTUAL ALLEGATIONS[1]

Houser was hired as the City's Town Recorder and Court Clerk on October 15, 2023, (Doc. No. 1 ¶ 11), and, at some point, served as Tax Collector and Back-up Water Clerk. (Id. ¶ 12). On August 2, 2024, she resigned, but after talking to Mayor Tripp, she decided to stay. (Id. ¶ 14). At some point, Houser came to the conclusion that "Mayor Tripp inappropriately removed an Alderman off the Town Council." (Id. ¶ 15). She reported this to the police chief who told her to

---

[1] The Court relies upon the factual allegations in the Complaint, assumes the truth of those allegations, and construes them and reasonable inferences from them in Plaintiff's favor for purposes of ruling on the motion to dismiss. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).

follow "the proper legal rules and regulations." (Id. ¶ 15). Houser then "contacted the Municipal Technical Advisor Service for clarification as to the proper procedure." (Id.). "Around this time, Mayor Tripp asked Houser for the keys to the Mayor's office." (Id. ¶ 16). Houser refused to do so, but she gave them to Officer Deffendoll. (Id.).

On August 14, 2024, Mayor Tripp suspended Houser's employment "without written notice." (Id. ¶ 17). Mayor Tripp then called a special meeting of the Board of Alderman on August 19, 2024. (Id. ¶ 18). Houser was not present. (Id.). According to the minutes,[2] the Board discussed "disciplinary action and or termination of" Houser. (Doc. No. 19-3). A motion to terminate Houser was approved by the Board. (Id.). After Houser's termination, Houser believes Mayor Tripp made false, defamatory, and malicious remarks about her publicly, which have ruined her reputation. (Doc. No. 1 ¶¶ 20-21).

## II.   LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cooperrider v. Woods, 127 F.4th 1019, 1027 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When assessing a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint's well-pleaded factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and

---

[2] The Board minutes are attached to the motion to dismiss. (Doc. No. 19-3). The Court can take judicial notice of the meeting minutes because it is a public record. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); New England Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003), holding modified on other grounds by Merck & Co. v. Reynolds, 559 U.S. 633 (2010) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."); see Barton v. Neeley, 114 F.4th 581, 589 n.2 (6th Cir. 2024) (treating information available on city's website as public record).

inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018) (internal citations omitted). "While the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions'" or "'a formulaic recitation of a cause of action's elements[.]'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citation omitted).

## III.    ANALYSIS

Houser proceeds under 42 U.S.C. § 1983. To succeed under § 1983 she must "first identify a constitutional right and then show that a person acting under color of state law deprived [her] of that right." Halasz v. Cass City Public Schools, 162 F.4th 724, 732-733 (6th Cir. 2025) (quoting Susselman v. Washtenaw Cnty. Sheriff's Off., 109 F. 4th 864, 870 (6th Cir. 2024). Here, Houser alleges that she was removed from her employment as City's Town Recorder and Court Clerk in violation of her rights under the Fourteenth Amendment to the Constitution. Specifically, she alleges that she was denied procedural and substantive due process.

As an initial matter, the Court agrees with the parties that Houser's Section 1983 claim against Mayor Tripp in her official capacity is duplicative of her claim against the City and should be dismissed. Frost v. Hawkins Cnty. Bd. of Educ., 851 F.2d 822, 827 (6th Cir. 1988) ("[O]fficial capacity claims are essentially claims against the entity itself."); Foster v. Michigan, 573 F. App'x 377, 390 (6th Cir. 2014) (citation omitted) ("Where the entity is named as a defendant, an official-capacity claim is redundant.").

### A.    Procedural Due Process

The Fourteenth Amendment's Due Process Clause prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

3

The United States Supreme Court "ha[s]emphasized time and again that [t]he touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of . . . [] procedural due process . . .[] or . . . [] substantive due process . . . ." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (citations and quotation marks omitted).

"A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." Reed v. Goertz, 598 U.S. 230, 236 (2023) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)). The first prong is dispositive because Houser cannot demonstrate that she was deprived of a property or liberty interest protected by the Due Process Clause.

### 1. Property Interest

Houser does not have a property interest in her at-will employment under state statute or the City's Code. A property interest must be created by a source of law independent of the Constitution, because "[t]he Constitution does not create property interests." Martinez v. Wayne Cnty., Michigan, 142 F.4th 828, 836 (6th Cir. 2025) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)); see also Larson v. City of Algood, Tennessee, 390 F. Supp. 3d 874, 884 (M.D. Tenn. 2019), aff'd sub nom. Medlin v. City of Algood, Tennessee, 814 F. App'x 7 (6th Cir. 2020) (same). "The independent source may be a statute, policy, practice, regulation or guideline." Woolsey v. Hunt, 932 F.2d 555, 564 (6th Cir. 1991) (citing Bishop v. Wood, 426 U.S. 341, 347 (1976)).

As the City's Town Recorder and Court Clerk, Houser was an at-will employee, without a fixed term or contract and, as such, she had no "reasonable expectation that termination [would] be only for good cause." Gregory v. Hunt, 24 F.3d 781, 785 (6th Cir. 1994) (citation omitted). "Tennessee has long adhered to the employment-at-will doctrine in employment relationships" without a contract or a definite term. Crews v. Buckman Lab'ys Int'l, Inc., 78 S.W.3d 852, 857

(Tenn. 2002) (citation omitted).  To succeed on a procedural due process claim, Houser must show

that an independent source of law gave her an expectation of continued employment for a fixed

term or that her termination required good cause.  Hunt, 24 F.3d 781, 785.  Houser relies on the

City's Code and Tennessee statute.  (Doc. No. 25 at 4-6).

a.      City's Code

The City's Code does not create an expectation of continued employment for a fixed term,

so it does not create a property interest in Houser's job.  The Personnel Regulations govern the

rules and regulations applicable to City employees.  Alexandria, Tenn., Mun. Code § 4-310(4).

They also outline the rights City employees have when they are suspended or terminated.  Id.  The

dispositive section of the Personnel Regulations states:

> These personnel regulations are for information only. This is not an employment
> contract. This document is a statement of current policies, practices, and
> procedures. Nothing in this document is to be interpreted as giving employees
> property rights in their jobs. These personnel policies, rules, and regulations may
> be reviewed periodically. The employer reserves the right to change any or all
> policies, practices, and procedures in whole or in part at any time, with or without
> notice to employees.

Id. § 4-311(5) (emphasis added).   Houser ignores this section, but the Court cannot.   It

unambiguously disclaims that it creates a contract or property interest.  This language is the

opposite of that in Silberstein v. City of Dayton, 440 F.3d 306 (6th Cir. 2006),  which Houser relies

on.  In that case, the parties agreed that the city charter created a property interest in classified

employees' jobs where, unlike here, it stated that "no classified employee may be terminated until

presented with specific written reasons for termination and given an opportunity to be heard in his

or her own defense."   Silberstein, 440 F.3d at 311-12. The City Code does the opposite here.

Therefore, the City Code does not vest Houser with a property right.

Houser's feeble citation to other portions of the Personnel Regulations is to no avail.  She cites Section 4-310(4) of the Personnel Regulations, that discusses discipline of City employees. Nothing in Section 4-310(4) overrides the plain language of Section 4-311(5).

b.        Tennessee Statute

Tenn. Code Ann. § 6-4-20 does not create a property interest for Houser.  Houser devotes one sentence to Tennessee Code Annotated § 6-4-201 *et seq.*  It reads:  that "Tennessee state law provides that the town board shall appoint a city recorder, who may also be appointed to the positions of finance director or treasurer, or both." (Doc. No. 25 at 5).  There is absolutely nothing in those words that come close to creating a fixed term contract or "reasonable expectation that termination would be only for good cause." Gregory, 24 F.3d at 785.

2.        Liberty Interest

Houser next unsuccessfully argues that she was denied her Fourteenth Amendment liberty interest when she was removed from the City job.  (Doc. No. 25 at 7-8).  The Fourteenth Amendment protects a person's liberty interest when her "good name, reputation, honor, or integrity is at stake because of what the government is doing to h[er]."  Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971); see Crosby v. Univ. of Kentucky, 863 F.3d 545, 555 (6th Cir. 2017).  "That liberty interest is impugned when a state actor 'stigmatize[s]' an individual by means of 'voluntary, public dissemination of false information' about the individual," damaging the individual's reputation.  Crosby, 863 F.3d at 555 (citations omitted).  "Some alteration of a right or status previously recognized by state law such as employment, must accompany the damage to reputation to make out a due process violation." Kaplan v. Univ. of Louisville, 10 F.4th 569, 584 (6th Cir. 2021) (citations and quotation marks omitted).  To state a claim for deprivation of a liberty interest, Houser must plead five elements:

> First, the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment. Second, a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty, or malfeasance. Third, the stigmatizing statements or charges must be made public. Fourth, the plaintiff must claim that the charges made against him were false. Lastly, the public dissemination must have been voluntary.

Id. (citations and quotation marks omitted). If the plaintiff can demonstrate those elements, she is then entitled to a name-clearing hearing, which functions as "a post-removal opportunity to refute the false charges that led to h[er] removal." Quinn v. Shirey, 293 F.3d 315, 320 (6th Cir. 2002) (internal citation and quotation marks omitted). "It is the denial of the name-clearing hearing that causes the deprivation of the liberty interest without [procedural] due process." Id. Therefore, "a plaintiff's failure to request a name-clearing hearing is fatal to a claim alleging a deprivation of a liberty interest without due process." Kaplan, 10 F.4th at 584 (citation and quotation marks omitted).

Drawing "all reasonable inferences in [Houser's] favor" at the motion to dismiss stage, Baum, 903 F.3d at 581, she fails because she never alleges what stigmatizing statements were made about her or who made them. The closest she came is her allegation that Mayor Tripp falsely accused her of "impeding an investigation," which is hardly stigmatizing. (Doc. No. 1 ¶ 20). Even if it is, she does not allege that she requested a name-clearing hearing. Kaplan, 10 F.4th at 584; (Doc. No. 25 at 7). She does not allege a deprivation of a liberty interest. Kaplan, 10 F.4th at 584.

B.     Substantive Due Process

Next, Houser also alleges that she was deprived of substantive due process because her termination "shocks the conscience and was without any rational basis." (Doc. No. 25 at 9-11). Defendants disagree. (Doc. No. 19 at 9-10). Indeed, substantive due process "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." Lewis,

7

523 U.S. at 840 (citations and quotation marks omitted). To prevail, "a plaintiff must show (1) they were deprived of a constitutionally protected interest, and (2) the government's discretionary conduct that deprived that interest was constitutionally repugnant." Halasz v. Cass City Pub. Schs., 162 F.4th 724, 736 (6th Cir. 2025) (citation and quotation marks omitted). "Thus, a plaintiff must show *as a predicate* [to a substantive due process claim] the deprivation of a liberty or property interest." Guertin v. State, 912 F.3d 907, 922 (6th Cir. 2019) (emphasis added) (citations and quotation marks omitted).

Houser fails the first prong. Indeed, she concedes that public employment is not a protected interest for substantive due process purposes. (Doc. No. 25 at 10). Further, as explained above, she does not have a property or liberty interest in her employment that is protected under the Fourteenth Amendment.

IV.    **CONCLUSION**

Houser's § 1983 claim fails because she does not allege a valid denial of a constitutional right. The Court declines to exercise supplemental jurisdiction over her state law claims. 28 U.S.C. § 1367(c)(3). Accordingly, the motion to dismiss (Doc. No. 18) will be granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

8